UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>*Jaylynn Dean v. Uber Technologies, Inc.*, No. 23-cv-06708-CRB<br><br>*A.R. v. Uber Technologies, Inc.*, No. 24-cv-07821-CRB. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING CONDUCT BY PEIFFER WOLF**<br><br>Re: Dkt. No. 3669 |

The parties filed a joint discovery letter brief in which Uber asserts misconduct by Plaintiffs' counsel at the law firm Peiffer Wolf Carr Kane Conway & Wise, LLP (Peiffer Wolf) in the bellwether cases *Dean v. Uber Technologies, Inc.*, No. 23-cv-06708-CRB, and *A.R. v. Uber Technologies, Inc.*, No. 24-cv-07821-CRB. This Order presumes the parties' familiarity with the record and governing law. In brief, Uber contends that: (1) non-party witness I.E. failed to produce relevant text messages that she exchanged with Plaintiff A.R. due to improper instructions by I.E.'s counsel (shared with A.R.) at Peiffer Wolf; (2) Plaintiff Jaylynn Dean failed to preserve evidence when she replaced her iPhone; and (3) Dean and four of her friends who were also represented by Peiffer Wolf failed to prevent Snapchat from automatically deleting potentially relevant messages.

As a starting point, to the extent that this letter seeks sanctions, it is procedurally defective. The parties' filing is captioned as a "Joint Letter Regarding Sanctions for Misconduct by Plaintiffs and Counsel." Dkt. No. 3669 at 1; *see also id.* at 4–5 (reciting a legal standard for discovery sanctions). This Court's local rules require that "[a]ny motion for sanctions, regardless of the sources of authority invoked, . . . must be separately filed and . . . comply with Civil L.R. 7-2['s]"

requirements for a noticed motion, among other criteria. Civ. L.R. 7-8. The only sanction that Uber specifically seeks, at least at this time, is cost-shifting. *See* Dkt. No. 3669 at 5. Uber's request for such relief is DENIED, without prejudice to a future motion for sanctions that complies with the Court's local rules.

Beyond that procedurally improper request, Uber seeks to compel further discovery. Uber specifically asks "that the Court order Plaintiffs to: (i) immediately produce all documents discussed above that have been wrongfully withheld; (ii) replace, wherever feasible, lost documents obtainable through third-party sources such as Snapchat; and (iii) compel further depositions of I.E. and Plaintiff A.R."[1] Dkt. No. 3669 at 5.

### A.    *A.R.* Case

In the *A.R.* case, non-party witness I.E. sent a friend a draft of an email I.E. was considering sending to her attorney at Peiffer Wolf expressing discomfort with having been "asked not to provide / search for certain documents (the text messages I showed you regarding the text [redacted] sent to me regarding the litigation) that were directly requested in the deposition notice." Dkt. No. 3669-1.[2] According to A.R., "[a]ll the purported materials to which this draft email referred have already been either 1) produced by the Plaintiff herself, or 2) deemed irrelevant by Plaintiff's counsel." Dkt. No. 3669 at 6.

A.R.'s objections based on relevance are overruled. The draft email refers to messages that relate to this litigation, and relevancy for discovery purposes is generally broader than relevancy for purposes of trial. *In re Subpoena to PayPal Holdings, Inc.*, No. 20-mc-80041-AGT, 2020 WL 3073221, *2 (N.D. Cal. June 10, 2020). Additionally, the mere prospect that production of certain of I.E.'s messages may be duplicative of Plaintiff A.R.'s production does not justify a refusal to produce documents responsive to the subpoena. *See* Fed. R. Civ. P. 26(b)(2)(C)

---

[1] As written, this list calls for an order requiring "Plaintiffs to . . . compel further depositions of I.E. and Plaintiff A.R." The Court presumes that Uber intended to ask that the Court compel these depositions, rather than the Court requiring Plaintiffs to compel them.

[2] Plaintiff describes this draft email as "a misrepresentation of privileged, irrelevant conversations between a non-party witness and Plaintiffs' counsel." Dkt. No. 3669 at 6. I.E.'s conversation with her attorney was privileged when it occurred, but I.E. waived privilege at least with respect to the portions of the conversation that she disclosed to her friend. *See* Cal. Evid. Code § 912(a).

1  (providing that the court must limit discovery that is "*unreasonably* cumulative or duplicative, or
2  can be obtained from some other source that is more convenient, less burdensome, or less
3  expensive"). Here, where Plaintiff A.R. apparently has not produced all (if any) of the messages
4  at issue, it is not evident that I.E.'s records would be duplicative. I.E.'s stated discomfort with her
5  attorneys' purported instruction not to review or produce documents further counsels in favor of
6  fulsome disclosure of relevant material, such that any duplication of A.R.'s previous production is
7  not unreasonable. No later than September 5, 2025, I.E. must produce the text messages she
8  referenced in her draft email, as well as any other communications with A.R. that relate to the
9  present action. If I.E. asserts privilege or similar protection as to any such documents, she must
10 produce a privilege log.

11 Uber seeks to further depose I.E. and A.R. but does not specify to what end. It appears that
12 Uber may intend to ask both individuals about late-produced records and what records they were
13 required to preserve, collect, and produce. The parties have not addressed specifically the
14 application of privilege and work product protection to attorney-client communications regarding
15 document collection and preservation. To the extent such issues are in question, while Uber
16 should not inquire about the specific verbiage in preservation instructions that I.E. and A.R.
17 received from their counsel at Peiffer Wolff, it is "entitled to know what kinds and categories of
18 ESI [I.E. and A.R.] were instructed to preserve and collect, and what specific actions they were
19 instructed to undertake to that end." *See In re eBay Seller Antitrust Litig.*, No. C 07-01882 JF
20 (RS), 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007).

21 The parties shall meet and confer no later than September 12, 2025 as to whether further
22 depositions of I.E. and A.R. are appropriate and, if so, the topics that would be addressed. If they
23 are not able to reach an agreement, they shall file a joint letter no later than September 19, 2025.

24 **B.     *Dean* Case**

25 Plaintiff Dean testified that she replaced her phone multiple times since the alleged rape at
26 issue, and traded in her old phone each time. Dkt. No. 3669-7 at 2–3 (Dean Dep. at 277:17–
27 288:4). Dean acknowledges that "not all of her phone's data [was] transferred over [to an iCloud
28 backup] due to a lack of storage," though the relevant page of her testimony that she cites is

3

missing from the exhibit that the parties provided here. Dkt. No. 3669 at 7 (citing Dean Dep. at 280:25–281:18). She asserts that any loss of data through that process "occurred before [her] preservation obligations were triggered," and that "Defendants didn't ask the follow up questions about when the phone was upgraded and simply assume it was done after litigation ensued." *Id.* Such assertions appear to misrepresent the facts. Dean filed her case in December of 2023, and she testified at her recent deposition that she most recently replaced her phone "last year"—i.e., in 2024. Dkt. No. 3669-7 at 2 (Dean Dep. at 277:23). At least one replacement therefore occurred during this litigation, even if an earlier replacement *might* have occurred in whatever narrow window may have existed between the November 2023 incident at issue and when Dean first "reasonably anticipated"[3] the litigation that she initiated the following month.

Uber also cites testimony indicating that Dean and other witnesses communicated about this litigation and its subject matter using Snapchat, without altering that program's default policy to delete messages. It is not entirely clear when such communications occurred in relation to the onset of any duty of the non-party witnesses to preserve evidence, but it appears that some such communications were lost after Dean, at least, had such a duty.

Other than its procedurally improper request for sanctions, the only relief that Uber seeks for such potential loss of evidence is an order to "replace, wherever feasible, lost documents obtainable through third-party sources such as Snapchat." Dkt. No. 3669 at 5. The record of what evidence was lost is limited, and Uber has provided no evidence that it is feasible to replace anything that was lost. That request is therefore denied without prejudice to a future request that more clearly identifies what has been lost and the feasibility of replacing such material.

Consistent with the *eBay* decision cited above, Uber may inquire whether Dean and her four friends were expected to identify potential sources of ESI, such as laptops, mobile phones, social media and messaging accounts, and what they were expected to do to preserve their potentially relevant communications contained in these devices and on such accounts. This line of inquiry may include what if any actions represented individuals were supposed to take with

---

[3] *See, e.g.*, *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1006 (D. Ariz. 2011).

respect to: (1) backing up mobile phones and laptops; (2) notifying counsel when such devices were being replaced or discarded; and (3) handling communications and settings on platforms such as email systems, quasi-ephemeral and ephemeral messaging platforms, and social media accounts where communications may be automatically deleted after a certain time period.  To the extent it has not already done so, Uber may also properly inquire as to what represented individuals knew about whether their messages were preserved on particular devices, backup systems, and messaging and social media platforms.  Uber may explore though additional discovery, if needed, whether material that has been lost may be recovered or replaced in some manner.

This Order is intended to clarify the sufficiency of efforts to preserve and collect relevant ESI, and what if any recovery efforts are necessary and feasible.  No later than September 5, 2025, Uber and counsel for Dean (and the four represented non-party witnesses) shall meet and confer and file a stipulation, specifying the discovery, disclosures, and agreed upon deadlines, that will be completed consistent with this Order.  The Court anticipates that the matters at issue can be addressed, at least in the first instance, through declarations, unless the parties agree that reopening any of these depositions—relief that Uber did not specifically request in this joint letter—is a more efficient approach.  In the unlikely event that the parties cannot reach a stipulation, they may file a joint letter by the same deadline addressing their respective positions.

**IT IS SO ORDERED.**

Dated: August 29, 2025

LISA J. CISNEROS
United States Magistrate Judge